# United States District Court
for the
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.M.B., a Minor Child By and Through His Mother and Natural Guardian JENNIFER BELL and JENNIFER BELL Individually, T.S.W., a Minor Child By and Through His Mother and Natural Guardian KATHLEEN BLANCO and KATHLEEN BLANCO, Individually, A.R., a Minor Child By and Through His Mother and Natural Guardian REBECCA SCHUSTER and REBECCA SCHUSTER Individually L.S., a Minor Child By and Through Her Mother and Natural Guardian JASMINE SUMMERS and S.S., a Minor Child By and Through Her Mother and Natural Guardian JASMINE SUMMERS and JASMINE SUMMERS Individually, E.W. a Minor Child By and Through His Mother and NANCY WILLIAMSON Individually, T.E.W. III, A Minor Child, By and Through His Mother and Natural Guardian, TAMMY WAGNER, TAMMY WAGNER Individually, and all other Children and Parents Common to this Class Action. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DOLLAR TREE STORES INC., | ) ) |
| Defendant. | ) |

**SUMMONS IN A CIVIL ACTION**

To: DOLLAR TREE STORES, INC.
C/O CORPORATION SERVICE COMPANY
80 STATE STREET, ALBANY, NY, UNITED STATES, 12207

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of

the Federal Rules of Civil Procedure. The answer or motion must be served on either of the plaintiff's attorneys whose names and addresses are:

| | |
|---|---|
| Manuel Moses, Esq. | Alvin Gordon, Esq. |
| Moses Law Office of New York PLLC | The Gordon Law Firm of New York PLLC |
| 236 West 26th Street Suite 303 | 236 West 26th Street Suite 303 |
| New York, New York 10001 | New York, New York 10001 |
| (212) 736-2624 x11 | (212) 766-2200 |
| manuelmoses@icloud.com | alvincgordon.esq@gmail.com |

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

**BRENNA A. MAHONEY**
*CLERK OF THE COURT*

Date: _____    _____
Signature of Clerk or Deputy Clerk

## United States District Court
for the
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.M.B., a Minor Child By and Through His Mother and Natural Guardian JENNIFER BELL and JENNIFER BELL Individually, T.S.W., a Minor Child By and Through His Mother and Natural Guardian KATHLEEN BLANCO and KATHLEEN BLANCO, Individually, A.R., a Minor Child By and Through His Mother and Natural Guardian REBECCA SCHUSTER and REBECCA SCHUSTER Individually L.S., a Minor Child By and Through Her Mother and Natural Guardian JASMINE SUMMERS and S.S., a Minor Child By and Through Her Mother and Natural Guardian JASMINE SUMMERS and JASMINE SUMMERS Individually, E.W. a Minor Child By and Through His Mother and NANCY WILLIAMSON Individually, T.E.W. III, A Minor Child, By and Through His Mother and Natural Guardian, TAMMY WAGNER, TAMMY WAGNER Individually, and all other Children and Parents Common to this Class Action, Class Action, <br><br>                         Plaintiffs, <br><br>                  v. <br><br> DOLLAR TREE STORES INC., <br><br>                         Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**THE NATURE OF THE ACTION AGAINST THE DEFENDANTS**

J.M.B., a Minor Child By and Through His Mother and Natural Guardian JENNIFER BELL and JENNIFER BELL Individually, T.S.W., a Minor Child By and Through His Mother and Natural Guardian KATHLEEN BLANCO and KATHLEEN BLANCO, Individually, A.R., a Minor Child By and Through His Mother and Natural Guardian REBECCA SCHUSTER and REBECCA SCHUSTER Individually L.S., a Minor Child By and Through Her Mother and Natural Guardian JASMINE SUMMERS and S.S., a Minor Child By and Through Her Mother And Natural Guardian JASMINE SUMMERS and JASMINE SUMMERS Individually, E.W., a Minor Child By and Through His Mother and Natural Guardian NANCY WILLIAMSON and NANCY WILLIAMSON Individually, T.E.W. III, a Minor Child, By and Through His Mother and Natural Guardian, TAMMY WAGNER, and TAMMY WAGNER Individually, and all other Children and Parents Common to this Class Action (hereinafter, "Plaintiffs"), file this complaint against Defendant for damages for personal injuries sustained as a result of infant-plaintiffs' ingestion of lead contained in WanaBana Apple Cinnamon

Fruit Puree (hereinafter, the "Products"), advertised, displayed, distributed and sold to the general public by Defendant Dollar Tree Stores, Inc.

**THE PARTIES**

1. Plaintiffs J.M.B., T.S.W., A.R., L.S., S.S., E.W., T.E.W. III, and all other children common to this class are infants and as such their brains are exquisitely sensitive to the effects of lead ingestion and lead poisoning. The infant-plaintiffs consumed the WanaBana Apple Cinnamon Fruit Puree pouches ('the Product") that were contaminated with lead, and have been impacted with injuries that will affect them for the rest of their lives. The nature of these injuries requires highly specific monitoring for future damage to their brains and bodily organs and is a fact common to the class for all children herein affected.

2. Infant-plaintiff J.M.B. and his mother, JENNIFER BELL reside in Shawboro, North Carolina.

3. Infant-plaintiff T.S.W. and his mother, Kathleen Blanco reside in Brooklyn, New York.

4. Infant-plaintiff A.R. and his mother, Rebecca Schuster reside in Valley Stream, New York.

5. Infant-plaintiff L.S. and her mother, Jasmine Summers reside in Manchester, New Hampshire.

6. Infant-plaintiff S.S. and her mother, Jasmine Summers reside in Manchester, New Hampshire.

7. Infant-plaintiff E.W. and his mother, Nancy Williamson reside in Pinehurst, North Carolina.

8. Infant-plaintiff T.E.W. III and his mother, Tammy Wagner, reside in Christmas Valley, Oregon.

9. Wanabana LLC and Wanabana USA LLC produced the Product, and have since filed Chapter 7 Bankruptcy.

10. DOLLAR TREE STORES INC. sourced, distributed, promoted, marketed, advertised, and sold fruit puree "pouches," that are the cause of the injuries sustained in this case. These products are distributed through DOLLAR TREE STORES INC. and were bought in their many stores nationwide.

11. Defendant DOLLAR TREE STORES, INC. is a Virginia limited liability corporation. Its principal place of business is located at 500 Volvo Parkway, Chesapeake, Virginia 23320.

12. Defendant DOLLAR TREE STORES INC. is a discount store, where everyday consumers and more particularly economically-minded people with children, rely on their assorted products, including fruit puree pouches. as a substitute for more expensive food products,

13. Defendant DOLLAR TREE STORES, INC. is not a casual seller of these fruit puree products, but has whole aisles dedicated to the sale of low cost and/or discount food products.

14. Defendant DOLLAR TREE STORES, INC. regularly sold the Wanabana Apple Cinnamon puree food Product for consumption, primarily by children, throughout the country.

15. This food product contained lead that was traced to cinnamon spice from Mexico.

16. The food product was unsafe for children to consume causing a commonality of damages to the class of children suffering lead poisoning and its resulting effects.

17. There came a time that DOLLAR TREE STORES, INC. acquired actual notice that this product was dangerous for the class of children to consume, and despite having this knowledge, the dangerous product remained on their store shelves, for sale to the general public, for approximately two months.

## THE FACTS

18. Plaintiffs are good representative lead class Plaintiffs, having sales receipts demonstrating that this defective and dangerous Product was purchased by each of them as a pack of WanaBana Apple Cinnamon Fruit Puree Pouches for children at various times. These receipts demonstrate that the class can be tracked to specific purchases. J.M.B., T.S.W., A.R., L.S., S.S., and E.W., and T.E.W. III each

consumed multiple pouches of this lead-poisoned Product without the parents being aware of its dangers.

19.     As a result of consuming multiple WanaBana Apple Cinnamon Fruit Puree Pouches purchased from stores owned and operated by DOLLAR TREE STORES, INC. the lead levels of these children were elevated, making them good representative lead putative class plaintiffs.

20.     There is no safe blood lead level for children.

21.     The receipts from DOLLAR TREE STORES, INC. cash registers indicate that there is a discoverable record of persons who purchased this defective lead-laced food product, and upon consumption, caused detriment to a class of children who ingested the product.

22.     As part of this proposed class action, a demand letter was sent by plaintiffs' counsel herein to DOLLAR TREE STORES, INC. by registered mail on November 15, 2024, demanding the preservation of all records related to these purchases of the tainted and defective food product, to be preserved and exchanged in order to provide notice to the potential members of the class.

23.     Upon information and belief, these records must be maintained as business records for tax purposes and more particularly for the Food and Drug Administration once these products were known to be unsafe as a result of containing lead.

24.     It was incumbent on the Defendant in this case to recall the product and warn consumers that purchased WanaBana Apple Cinnamon Fruit Puree Pouches and/or report to the Food and Drug Administration these specific dangerous products were sold to parents for their children, so as to effectively warn and treat by remediation those dangerously affected.

25.     It was incumbent on the Defendant in this case to notify the parents, custodian, relatives, friends or other family members that the products sold as WanaBana Apple Cinnamon Fruit Puree Pouches were tainted, and any child having consumed the product could have been exposed to high levels of lead and they needed to now be tested for lead.

26. Upon information and belief, Defendant failed to so warn in this manner either those of the class who bought the product or to disclose this information to the Food and Drug Administration or other regulatory agencies.

27. The Putative Class Plaintiffs J.M.B., T.S.W., A.R., L.S., S.S., E.W. and T.E.W. III and their mothers respectively are good representatives lead class members, as all other sources of lead exposure in the home were documented, tested, and ruled out as having affected the infant-plaintiffs.

28. The Putative Class Plaintiffs J.M.B., T.S.W., A.R., L.S., S.S., E.W. and T.E.W. III by and through their mothers respectively diligently sought to determine the basis for the lead levels in the blood of their infant children and had tests done in the home, all of which came back negative.

29. The Putative Class Plaintiffs, J.M.B., T.S.W., A.R., L.S., S.S., E.W. and T.E.W. III and their mothers respectively are good representative lead class members, as the children were discovered as having a high lead level specifically from the product at issue.

30. The commonality of the class is indicated by a Food and Drug Administration alert on or about October 28, 2023, advising parents not to buy or give to children WanaBana Apple Cinnamon Fruit Puree Pouches, because it contained high concentrations of lead that could cause acute lead toxicity.

31. On or about October 30, 2023, Wanabana LLC issued a recall of the WanaBana Apple Cinnamon Fruit Puree Pouches.

32. According to the Food and Drug Administration the product remained on the shelves of the Dollar Tree Stores, for sale to the general public, as late as December 13, 2023.

33. The gross negligence of the tort is a commonality particular to the class as it relates to punitive damages.

34. The nature of the injuries include those injuries warned of in the recall, including but not limited to damage to the brain and nervous system, slowed growth and development, learning and

behavior problems, autism, ADHD, developmental delays, lower IQ, medical expenses, economic and non-economic damages, emotional distress, pain and suffering.

35. Additionally, there is significant medical literature regarding the correlation between lead exposure in childhood with a lifelong impact on children's development and cognition; furthermore, all children exposed will require lifelong testing and as such is a feature of damages common to the class and the nature of the tort and gross negligence, lends itself to common general and punitive damages.

36. The Centers for Disease Control states that there is no safe amount of lead exposure for a child.

37. The Centers for Disease Control uses a specific number of 5 micrograms per deciliter of blood as considered dangerous.

38. No amount of lead is known to be safe, and its effects are lifelong with pronounced effects on the brain and multiple body organs.

39. Its negative effects are legion, and it is common scientific knowledge that childhood lead poisoning's actual damages that may not be immediately apparent, but the insult to the body is not in dispute or a subject of speculation.

## A FIRST CAUSE OF ACTION FOR NEGLIGENCE

**DEFENDANT BREACHED A DUTY OF CARE IN MARKETING, ADVERTISING, SELLING, PROMOTING, AND DISTRIBUTING A DANGEROUS FOOD PRODUCT CONTAINING LEAD BOUGHT BY A CLASS OF UNSUSPECTING PARENTS AND CONSUMED BY A CLASS OF INFANTS AND CHILDREN CAUSING DAMAGES.**

40. Plaintiffs repeat, reiterate, and restate the foregoing averment of facts in numbers 1-39, as if for the first time, with the same full force and effect.

41. Defendant, as a retailer and distributor of food products, and more particularly, food products known by Defendant to be sold and distributed for consumption by children, had a duty to distribute only products that were safe for consumption.

42. Defendant had a duty to refrain from the sale and distribution of products unsafe for consumption, including WanaBana Apple Cinnamon Fruit Puree Pouches.

43. Defendant had a duty to refrain from the representation of WanaBana Apple Cinnamon Fruit Puree Pouches as a safe product for children to consume.

44. Defendant's duty was to distribute a safe food product that was mass marketed to thousands of parents for their children.

45. Defendant represented that this fruit puree product was safe, convenient, and nutritious.

46. The Defendant breached a duty of care to the class children, as the product was a poisoned product that proximately caused the poisoning of thousands of children.

47. The Defendant breached a duty of care to the parents and lead infant class members J.M.B., T.S.W., A.R., L.S., S.S., E.W. and T.E.W. III, and all other children and parents common to this class action.

48. The Defendant DOLLAR TREE STORES INC. failed to mandate and or check the test reports of the manufacturer, and this is a non-delegable duty as this is a product consumed by children.

49. The Defendant's failed to warn of the dangerous nature of the product to those who bought the product, and in leaving the product on the shelves after having actual notice of its dangerous nature.

50. It is without dispute that the class pleads a cause of action for negligence against Defendant.

### FOR A SECOND CAUSE OF ACTION: STRICT PRODUCTS LIABILITY.

51. Plaintiffs repeat, reiterate, and restate the foregoing averment of facts in numbers 1-50, as if for the first time, with the same full force and effect.

50. Defendant DOLLAR TREE STORES INC. promoted the WanaBana Apple Cinnamon Fruit Puree Pouches as safe, and nutritious, when distributing this defectively manufactured product and represented to the general public that this was a good, affordable, discounted food product for children.

51.     Defendant DOLLAR TREE STORES INC. failed to warn of the dangers of the product, once it had knowledge or should have had knowledge of the dangerous nature of the WanaBana Apple Cinnamon Fruit Puree Pouches.

52.     Defendant DOLLAR TREE STORES INC. knew or should have known that WanaBana Apple Cinnamon Fruit Puree Pouches would foreseeably cause harm to children.

53.     The WanaBana Apple Cinnamon Fruit Puree Pouches, the availability of which was facilitated by Defendant DOLLAR TREE STORES INC. directly caused the harm to this class of children who were damaged, and are at risk of future damage, and will otherwise require remedial therapy and lifelong monitoring.

## FOR A THIRD CAUSE OF ACTION:
## BREACH OF AN EXPRESS WARRANTY

54.     Plaintiffs repeat, reiterate, and restate the foregoing averment of facts in numbers 1-53, as if for the first time, with the same full force and effect.

55.     The Defendant made a specific promises and representation about the WanaBana Apple Cinnamon Fruit Puree Pouches that influenced the consumers' decision to purchase it.

56.     The packaging and display of the product would attract children, and parents to the idea that this was a nutritious, tasty, and safe food product.

57.     The consumers, members of the putative class including the proposed lead plaintiffs named herein, relied on this express warranty when purchasing the product.

58.     The product failed to meet the express warranty.

59.     In this case, the food product contained lead, which is a harmful substance that can cause serious health problems, particularly in children.

60.     The consumers, members of the putative class including the proposed lead plaintiffs named herein, suffered harm as a result of the breach of warranty.

61.     In this case, the members of the putative class, including the proposed lead plaintiffs named herein, are the class of infants who consumed the food product thus suffering injuries from lead poisoning.

## FOR A FOURTH CAUSE OF ACTION
## BREACH OF AN IMPLIED WARRANTY

62.     Plaintiffs repeat, reiterate, and restate the foregoing averment of facts in numbers 1-61, as if for the first time, with the same full force and effect.

63.     Defendants were known sellers of assorted food products in general and more specifically of products for children that were touted as wholesome and available at affordable prices.

64.     Defendants marketed, advertised, distributed, proffered, and sold a defective food product containing lead that was demonstrably unfit for children given the sensitive nature of their developing brain and body and the effects of lead on same.

65.     Parents relied on representations that this food product for children was healthy, wholesome and impliedly safe.

66.     The WanaBana Apple Cinnamon Fruit Puree had a slogan, on the packaging "I AM FRUIT," and advertised "NO SUGAR ADDED", "No Preservatives", and "Gluten Free," which language would appeal to parents and cause them to believe that Defendants were offering a quality edible product, at a good value, for their infants.



67.     The WanaBana "apple cinnamon" fruit puree was prominently displayed, marketed, advertised and sold by defendants, and was ingested by all of the infant-plaintiffs to their detriment and despite the fact that defendants knew, or should have known of the Product's contamination with lead.

68.     The Product lists three ingredients: "Apple puree, cinnamon powder, acidulant: citric acid," and it says: "BPA Free Packaging" and "Gluten Free".



69.     WanaBana issued an announcement on or about December 30, 2023, which in relevant part stated, "Lead is toxic to humans and can affect people of any age or health status. Protecting children from exposure to lead is important to lifelong good health. Lead exposure in children is often difficult to see. Most children have no obvious immediate symptoms. If you suspect that your child might have consumed this product, parents should talk to your child's healthcare provider about getting a blood lead test. Lead poisoning can only be diagnosed through clinical testing."

70. The implied warranty of fitness for a particular purpose was by and through in-store and other general advertising and display of these products presenting an affirmative assertion of their safe wholesome nature as a food for children.

71. The Defendant breached a duty of care of any implied warranty and misrepresented that the WanaBana Apple Cinnamon Fruit Puree Pouches were actually safe. It was by and through the FDA and NCDHHS that the general public eventually became aware of the lead content in Defendant's Products, after the infant-plaintiffs had suffered severe and permanent injuries.

72. As a result of this breach of this duty of care and of their misrepresentation they caused a whole class of children to be exposed to dangerous levels of lead and to suffer severe and permanent injuries.

**FOR A FIFTH CAUSE OF ACTION THE DEFENDANT WAS NEGLIGENT PER SE IN VOLATING VARIOUS FEDERAL, STATE, AND LOCAL FOOD SAFETY LAWS AND DECEPTIVE BUSINESS PRACTICES, ESTABLISHED BY STATES AND MUNICIPALITIES AND THE FOOD AND DRUG ADMINISTRATION AND UNITED STATES DEPARTMENT OF ARGRICULTURE THAT REGULATES FOOD PRODUCTS.**

73. Plaintiffs repeat, reiterate, and restate the foregoing averment of facts in numbers 1-72, as if for the first time, with the same full force and effect.

74. The legislatures of states, cities, municipalities, towns, and incorporated districts establish the laws, regulations, ordinances, and rules that govern the safety of the food supply for people and children.

75. The Federal Government, and Congress by and through its various agencies, inspectors, enforcers, researchers, and laboratories, carry out the laws and rules that govern the safety of the food supply for people and children.

76. By and through their negligence, Defendant violated those established laws for all the reasons heretofore stated as true.

77. Defendant further negligently violated those established laws in distributing, marketing, advertising and selling the WanaBana Apple Cinnamon Fruit Puree Pouches.

78. Defendant further negligently violated those established laws per se in failing to inspect and make safe, warn the public, and remedy their negligence, before, during, and after it was known that the WanaBana Apple Cinnamon Fruit Puree Pouches were contaminated with lead.

### FOR A SIXTH CAUSE OF ACTION GROSS NEGLIGENCE AND PUNITIVE DAMAGES

79. Plaintiffs repeat, reiterate, and restate the foregoing averment of facts in numbers 1-78, as if for the first time, with the same full force and effect.

80. In this seller-buyer relationship, for a food product Defendant knew or should have known was purchased by parents for children, the Defendants owed a heightened duty of care.

81. The Defendant breached a duty of care by acting with a reckless disregard for the safety of consumers.

82. The Defendant knew, should have known, or had constructive knowledge that the WanaBana Apple Cinnamon Fruit Puree Pouches were contaminated with lead.

83. The Defendant, DOLLAR TREE STORES INC., knew of the danger of lead contamination but consciously disregarded it by leaving it on their shelves for about two months after the recall, while selling what were probably thousands of units of the product.

84. The Defendant and their agents, and employees, and supervisors, for which they are vicariously liable, exhibited a deliberate indifference to the safety of consumers.

85. The Defendant failed to adhere to reasonable and safe industry standards for food safety and quality control.

86. The Defendant's gross negligence was the direct cause of the class of Plaintiff's injuries.

87. The class of Plaintiffs suffered actual damages as a result of the Defendant's gross negligence, including but not limited to damage to the brain and nervous system, slowed growth and development, learning and behavior problems, autism, ADHD, developmental delays, lower IQ, medical expenses, economic and non-economic damages, emotional distress, pain and suffering.

88.	In addition to compensatory damages the class of Plaintiffs seeks an award of enhanced liability and punitive damages to punish the Defendant for their egregious behavior.

WHEREFORE, Plaintiffs pray for a judgment in favor of class of parents, custodians, and children against all Defendants, for damages on all the pleaded causes of action in such amounts as may be proven at trial; attorneys' fees and costs; interest; and any and all further relief, both legal and equitable, that the Court may deem just, fair, and proper.

**RELIEF REQUESTED:**

**IN CONCLUSION AND WHEREFORE:**

**Plaintiffs ask this Court:**

A.  To enter an order certifying this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b) for the plaintiff's class described herein and naming plaintiffs J.M.B., T.S.W., A.R., L.S., S.S., E.W. and T.E.W. III by and through their mothers and natural guardians as the putative class representatives.

B.  To award the class all the enumerated compensatory and pecuniary and punitive damages against the named Defendant for the class and to be determined at trial or inquest or so ordered settlement.

C.  To award the named Plaintiffs and members of the class an amount of money damages by dispositive motion, award or so ordered settlement.

D.  To award a percentage of the total class action award or settlement to the Moses Law Office of New York PLLC and the Gordon Law Firm of New York PLLC to be determined by motion to the court.

E.  For a trial by jury on all the enumerated causes of action for the class.

F.  To grant such other and further relief as this Court shall find just, fair, and proper.

Dated: New York, New York
	August 21, 2025

_____
Alvin C. Gordon
Gordon Law Firm of New York, LLP
236 West 26th Street Suite 303
New York, New York 10001
(212) 766-2200
(212) 766-2222 fax
info@glfny.com
Manuel Moses
(212) 736-2624 x 11
(212) 981-0528 fax
manuelmoses@icloud.com

United States District Court
for the
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.M.B., a Minor Child By and Through His Mother and Natural Guardian JENNIFER BELL and JENNIFER BELL Individually, T.S.W., a Minor Child By and Through His Mother and Natural Guardian KATHLEEN BLANCO and KATHLEEN BLANCO Individually, A.R., a Minor Child By and Through His Mother and Natural Guardian REBECCA SCHUSTER and REBECCA SCHUSTER Individually, L.S., a Minor Child By and Through Her Mother and Natural Guardian JASMINE SUMMERS and S.S., a Minor Child By and Through Her Mother And Natural Guardian JASMINE SUMMERS and JASMINE SUMMERS Individually, E.W., a Minor Child By and Through His Mother and Natural Guardian NANCY WILLIAMSON and NANCY WILLIAMSON Individually, T.E.W. III, A Minor Child, By and Through His Mother and Natural Guardian, TAMMY WAGNER, TAMMY, WAGNER Individually, and all other Children and Parents Common to this Class Action | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) |
| DOLLAR TREE STORES INC., | ) |
| Defendant. | ) |

_____   _____

Manuel Moses, Esq.  
Moses Law Office of New York PLLC  
236 West 26th Street Suite 303  
New York, New York 10001  
(212) 736-2624 x11

Alvin Gordon, Esq.  
The Gordon Law Firm of New York PLLC  
236 West 26th Street Suite 303  
New York, New York 10001  
(212) 766-2200

**COMPLAINT TO CERTIFY A CLASS ACTION AND ASSORTED DAMAGES**

Pursuant to 22 NYCRR 130 -1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: New York, New York  
       August 21, 2025

_____  
Alvin C. Gordon